IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO WINFFEL,

       Plaintiff,                    No. 2:10-cv-1002 JAM EFB P

    vs.

POMAZAL, et al.,

       Defendants.          ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently pending before the court is defendant's November 16, 2011 motion to dismiss for failure to exhaust administrative remedies, which the parties have fully briefed and is now submitted for decision. However, in light of recent Ninth Circuit case law and to ensure that plaintiff has "fair, timely and adequate notice" of what is required of him to oppose defendants' motion to dismiss for failure to exhaust, the court must deny the motion without prejudice to its re-filing, and to concurrently serving plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust. *See Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012) ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* and *Wyatt* is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v.*

1

1  *Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has
2  required that it be given and that it be set forth in a separate document that is served with the
3  moving papers); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. Cal. 2003)
4  (requiring *Rand* notice for motions to dismiss for failure to exhaust so that plaintiff has "fair
5  notice of his opportunity to develop a record").

6      Accordingly, IT IS HEREBY ORDERED that:

7      1. Defendants' motion to dismiss for failure to exhaust and for failure to state a claim
8  (Dckt. No. 32) is denied without prejudice.

9      2. Within fourteen days of the date of this order, defendants may re-file and re-serve the
10 November 16, 2011 motion to dismiss. Defendants must contemporaneously serve with the
11 motion, but in a separate document, a copy of the attached "*Wyatt* Notice," which provides
12 plaintiff with notice of the requirements for opposing a motion to dismiss for failure to exhaust.
13 **Failure to do so may constitute grounds for denial of the motion.**

14     3. If defendants re-serve their motion, plaintiff may thereafter file and serve an amended
15 opposition within thirty days. If plaintiff fails to file an amended opposition, the court will
16 consider his existing opposition in resolving defendants' motion. .

17     4. If plaintiff files an amended opposition, defendants may thereafter file an amended
18 reply within fourteen days.

19 DATED: July 31, 2012.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE

1
2                    IN THE UNITED STATES DISTRICT COURT
3                   FOR THE EASTERN DISTRICT OF CALIFORNIA
4  ALBERTO WINFFEL,
5          Plaintiff,                  No. 2:10-cv-1002 JAM EFB P
6      vs.
7  POMAZAL, et al.,
8          Defendants.                 *WYATT* NOTICE*
9  _____/

10     The court requires that you be provided with this notice regarding the requirements for opposing a motion to dismiss for failure to exhaust administrative remedies.

11
12     When a defendant moves to dismiss some or all of your claims for failure to exhaust administrative remedies, the defendant is requesting that the court dismiss claims for which you did not exhaust available administrative remedies. The defendant may submit affidavits or
13 declarations under penalty of perjury and admissible documents in support of the motion.

14     To oppose the motion, you may submit proof of specific facts regarding the exhaustion of administrative remedies. To do this, you may refer to specific statements made in your complaint
15 if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth facts
16 regarding exhaustion of your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers
17 to interrogatories, admissions, and other authenticated documents. If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as
18 the truth and grant the motion. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. *See* L.R. 230(l).
19
     If the court grants the defendant's motion, whether opposed or unopposed, your
20 unexhausted claims will be dismissed. If all of your claims are unexhausted, your entire case will be over. If, however, you exhaust administrative remedies for your claims at a later date,
21 you may raise those claims in a new action.

22
23  _____
24     * This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust
25 administrative remedies. *See Woods v. Carey*, __ F.3d __, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779, at *1 (9th Cir. July 6, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120
26 n.15 (9th Cir. Cal. 2003).

3