IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO WINFFEL,

        Plaintiff,                    No. 2:10-cv-1002 JAM EFB P

   vs.

POMAZAL, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff proceeds on an Eighth Amendment deliberate indifference to medical needs claim based on allegations that defendant Ling experimentally injected plaintiff with a steroid, which damaged plaintiff's nerve and caused plaintiff's leg to atrophy. Defendant Ling moves to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust administrative remedies. Dckt. No. 41. For the following reasons, defendant's motion must be granted.

**I.    Background**

      Defendant's motion, originally filed on November 16, 2011, was re-filed and re-served on August 14, 2012, in accordance with the court's August 1, 2012 order. *See* Dckt. No. 40 (directing defendant to re-serve the motion along with the notice to plaintiff required by *Woods*

1

*v. Carey*, 684 F.3d 934 (9th Cir. 2012)).  On August 29, 2012, plaintiff filed an amended opposition to the motion, Dckt. No. 42, and on September 12, 2012, defendant filed a reply, Dckt. No. 43.  On September 21, 2012, plaintiff filed a surreply.  Dckt. No. 44.  Although it was not an authorized filing, the court has considered plaintiff's surreply in resolving defendant's motion.

## II.     Exhaustion under the PLRA

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ."  18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002).  To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline the action requested.  The grievance process, as defined by California regulations, has three levels of review to address an inmate's claims, subject to certain exceptions.  *See* Cal. Code Regs. tit. 15, § 3084.7.  Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims.  *Id.* § 3084.1(b).

////

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

In the Ninth Circuit, motions to dismiss for failure to exhaust administrative remedies are normally brought under Rule 12(b) of the Federal Rules of Civil Procedure. *See Albino v. Baca*, ___ F.3d. ___, 2012 U.S. App LEXIS 19871 (9th Cir. Sept. 21, 2012). Nonetheless, it remains well established that credibility of witnesses over material factual disputes cannot be resolved on paper. Thus, when ruling on an exhaustion motion requires the court to look beyond the pleadings in the context of disputed issues of fact, the court must do so under "a procedure closely analogous to summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119, n.14 (9th Cir. 2003). Doing so ensures that a process is followed to test whether disputes over facts pertaining to whether plaintiff actually exhausted available remedies are truly genuine and material and therefore warrant live testimony, or whether the dispute(s) may be disposed of by unrefuted declarations and exhibits. Therefore, following the suggestion in *Wyatt*, and because care must be taken not to resolve credibility on paper if it pertains to disputed issues of fact that are material to the outcome, the undersigned applies the Rule 56 standards to exhaustion motions that require consideration of materials extrinsic to the complaint.[1] *See Chatman v. Felker*, No. Civ. S-06-2912 LKK EFB, 2010 WL 3431806, at *2-3 (E.D. Cal. Aug. 31, 2010).

---

[1] Here, defendant relies on testimonial evidence in the form of a declaration from a prison official and a documentary record to establish the facts in support of his contention that plaintiff failed to exhaust.

Failure to exhaust is an affirmative defense in the sense that defendants bear the burden of proving plaintiff did not exhaust available remedies. *Wyatt*, 315 F.3d at 1119. To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendant's motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

**III.  Discussion**

Defendant submits evidence showing that plaintiff filed an appeal regarding his claim against Ling (Log No. CCC-L-09-00579), but that plaintiff did not pursue that appeal to the third and final level of review. *See* Dckt. No. 41, Zamora Decl. ¶¶ 7-10, Ex. A. The evidence shows that before commencing this action, prison officials partially granted plaintiff's appeal at the first and second levels of review. *Id.*, Ex. A. It also shows that prison staff informed plaintiff that if he was dissatisfied with the second level response, he had "15 days from the receipt of the response to forward [his] appeal for THIRD level review." *Id.*, Ex. A. Through his evidence, defendant shows that administrative relief remained available to plaintiff prior to commencing this lawsuit. Therefore, the court finds that defendant has met his initial burden of showing that plaintiff failed to properly exhaust his administrative remedies. *See Brown*, 422 F.3d at 936-37.

In opposition, plaintiff argues that defendant's motion should be denied because his appeal was partially granted, and that pursuant to *Harvey v. Jordan*, 605 F.3d 681 (9th Cir. 2010), he has satisfied the exhaustion requirement. Dckt. No. 42. Plaintiff is correct to the extent that an inmate is not always required to appeal his grievance through the third level of review to satisfy the exhaustion requirement. *See Brown*, 422 F.3d at 940 (an inmate need not exhaust further levels of review upon receiving all available remedies at an intermediate level of review). But here, plaintiff fails to demonstrate that he satisfied the exhaustion requirement despite his failure to appeal his grievance through the third level of review.

In *Harvey*, the plaintiff filed a grievance requesting that he be provided either a hearing and certain videotape evidence, or that prison officials dismiss a disciplinary charge. Prison officials partially granted his grievance and informed him that he would be provided a hearing and access to the requested videotape. *Harvey*, 605 F. 3d at 683. The plaintiff was satisfied with this response and did not appeal the decision. *Id*. at 685. The court held that the plaintiff had "exhausted the administrative process when the prison officials purported to grant relief that resolved his . . . grievance to his satisfaction." *Id*. at 686 (explaining that the plaintiff was not required to appeal a favorable decision that led him to believe his complaint had been resolved ).

Unlike the inmate in *Harvey*, plaintiff was not promised the relief he sought or led to believe that his appeal had been resolved. Plaintiff requested various forms of relief through his administrative appeal, including timely and adequate medical treatment, that the atrophy in his leg be stopped, that he be "medically unassigned" from education programming because of his mobility impairment, and that the failure to unassign him be investigated. Dckt. No. 41, Ex. A. In partially granting plaintiff's appeal, plaintiff was promised only "timely medical care," and was informed that "attending education programs . . . [would] not affect [him] in a negative way." *Id.* Thus, the prison official responding to plaintiff's administrative appeal did not promise plaintiff all of his requested relief. Further, plaintiff was not otherwise led to believe that his appeal had been fully resolved, as he conceded in his complaint that he had not

completed the grievance process. Dckt. No. 1 at 2. Under these circumstances, plaintiff was required to further appeal his grievance prior to filing this suit. *See Coats v. Fox*, No. Civ. S-09-1300 CMK P, 2011 U.S. Dist. LEXIS 14132, at *4-7 (E.D. Cal. Dec. 9, 2011) (where inmate's appeal was "granted" at the first level of review, but did not promise the inmate his requested relief, he "could have, and in order to exhaust his claim should have, appealed that decision to the next level.").

In his reply brief, defendant argues that plaintiff's "appeal does not concern Dr. Ling, or even refer to the performance of a steroid injection without using an x-ray machine." Dckt. No. 43 at 3. This argument, which is raised for the first time in defendant's reply brief and is inconsistent with defendant's concession in his motion that the appeal was "relat[ed] to the alleged incident," will be disregarded. *See* Dckt. No. 41 at 6.

It is undisputed that plaintiff did not pursue available administrative remedies after receiving the second level response to his appeal. The undersigned concludes that plaintiff failed to exhaust available administrative remedies and that defendant's motion should therefore be granted.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss this action for failure to exhaust administrative remedies (Dckt. No. 41) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE